IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SUSAN HARRIMAN, ) <br> ) <br> Plaintiff, ) <br> ) No. 2:18-cv-2750-DCN <br> vs. ) <br> ) **ORDER** <br> ASSOCIATED INDUSTRIES INSURANCE ) <br> COMPANY, INC., ) <br> ) <br> Defendant. ) <br> _____) | |

      The following matter is before the court on defendant Associated Industries Insurance Company, Inc.'s ("Associated Industries") motion to quash, ECF No. 63. For the reasons set forth below, the court grants the motion without prejudice.

## I.  BACKGROUND

      Susan Harriman ("Harriman") brought this insurance coverage action against Associated Industries related to two lawsuits in Texas. During the relevant time period, Harriman was a Registered Representative and Investment Advisor with IMS Securities, Inc. ("IMS"). She was insured under IMS's professional liability insurance policy that was issued by Associated Industries and valid from July 15, 2015 to July 15, 2016 ("the Policy"). In 2015, Harriman was sued in the United States District Court for the Western District of Texas by Palmaz Scientific ("Palmaz"), a medical technology company (the "federal underlying suit"). Palmaz alleged, among other things, that Harriman made false and defamatory statements about Palmaz in her capacity as an IMS Registered Representative and Investment Advisor. The district court dismissed that action on jurisdictional grounds. Then Harriman sued Palmaz in Texas state court, where Palmaz

1

filed counterclaims against Harriman containing the same allegations as the federal underlying suit (the "state underlying counterclaim") (together with the federal underlying suit, "the underlying suits").

Harriman alleges that because the underlying suits stem from Harriman's actions in her capacity as a Registered Representative and Investment Advisor with IMS, Associated Industries has the duty to defend Harriman in the underlying suits pursuant to the Policy. Associated Industries has refused to do so. As a result, Harriman filed the instant case on October 9, 2018. Her amended complaint, now the operative complaint, alleges: (1) breach of contract for Associated Industries's failure to defend Harriman; (2) bad faith for Associated Industries's refusal to defend Harriman; and (3) that Harriman is entitled to a declaratory judgment declaring that Associated Industries owes Harriman a duty to defend and indemnify the underlying suits. ECF No. 15, Amend. Compl.

The instant discovery dispute arises out of a deposition. On August 14, 2020, Harriman took the deposition of Paul Poppish, a former Associated Industries employee who was involved in the investigation of Harriman's claims. At his deposition, Poppish testified that Associated Industries denied Harriman's claims based on its position that the Policy only covers "wrongful acts" directed at clients of IMS and that Palmaz, the defamation plaintiff, was not a client of IMS. Counsel for Harriman asked Poppish to identify the provision in the Policy that required the person being defamed to be a customer of IMS, and counsel for Associated Industries instructed Poppish not to answer. After some back and forth between the lawyers, counsel for Harriman moved on, and the deposition continued and concluded without further issue.

On September 17, plaintiff served a notice to reconvene Poppish's deposition. ECF No. 67-2. In response, Associated Industries filed the instant motion to quash on September 22, 2020. ECF No. 63. On October 6, 2020, Harriman responded to the motion, ECF No. 67, and on October 13, 2020, Associated Industries replied, ECF No. 68. The court held a hearing on the motion on November 4, 2020. As such, the motion is now ripe for review.

## II.  STANDARD

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, "[a] command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "Rule 45 adopts the standard codified in Rule 26 in determining what is discoverable." Artis v. Murphy-Brown LLC, 2018 WL 3352639, at *2 (E.D.N.C. July 9, 2018). Pursuant to Rule 26,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Despite this broad scope of discovery, the court may limit discovery, including subpoenas, if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

### III.   DISCUSSION

As an initial matter, Rule 30 provides only three permissible reasons for instructing a deponent not to answer a question: "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Here, counsel for Associated Industries instructed Poppish not to answer because the question "call[ed] for a legal conclusion." ECF No. 67-1, Poppish Depo. 70:6–7. As such, counsel for Associated Industries acted bereft of a legal basis when she instructed Poppish not to answer the question at issue, a point counsel readily conceded at the hearing. Whether that impropriety warrants reconvening the deposition, however, is a different question.[1]

Harriman argues that counsel for Associated Industries obstructed an entire line of questioning via her instruction not to answer and made "various and systematic objections" that were improper, such that a second deposition is warranted. ECF No. 67 at 2. In response, Associated Industries notes that Poppish did, in fact, answer the question at issue later on in his deposition, such that a second deposition would not glean any relevant information from Poppish. Indeed, the court agrees that Poppish eventually did, in fact, answer the question that counsel initially instructed him not to answer:

   MS. HANNA: I'm sorry, is there a question pending?

---

[1] In her response, Harriman argues that Associated Industries waived its right to contest a second deposition under Local Civ. Rule 30.04(C) (D.S.C.). Counsel for Harriman seemed to abandon that stance at the hearing, so the court notes its disagreement only briefly. Rule 30.04(C) applies where it is clear that a deponent failed to answer a question based on one of the permissible objections outlined in Fed. R. Civ. P. 30(c)(2). Here, there was some confusion as to whether Poppish actually answered the question at issue, meaning that Rule 30.04(C) was not triggered and Associated Industries's failure to file a motion for a protective order thereunder does not waive its right to contest a second deposition.

> MS. JOHNSON: Yeah, he's looking through the policy to tell me what provision requires that Palmaz was a customer of IMS.
> MS. HANNA: No, we've objected to that, and I've instructed him not to give a coverage opinion. Is there another question pending?
> MS. JOHNSON: We went through a new set of questions where he testified he was familiar with the policy, and I asked him to point me to the provision that he was familiar with that provided Palmaz should be a customer of IMS. And he was looking through that. You asked me to identify the document, the page numbers. So I'm still waiting.
> [ . . . ]
> THE WITNESS: Let me just think about it for a second. Can you go to the definition of wrongful act, please?
> Q. Sure. Okay. Will, that is on page 16 of the AmTrust policy.
> A. Okay. "Wrongful act means any actual or alleged negligent act, error, omission . . . . All right. Wrongful act, "professional services for clients of the broker/dealer." Clients, to me, means customers of.

Poppish Depo. 72:25– 76:13. In this exchange, Poppish clearly points to the definition of "wrongful act" as the provision of the Policy that requires a complainant to be a customer of IMS. Therefore, the court agrees that Poppish answered the question that counsel for Associated Industries initially instructed him not to answer.

Moreover, Harriman fails to point to any specific, relevant information she seeks from Poppish or any specific questions that went unanswered during the deposition. Instead Harriman states that Associated Industries's counsel's unfounded objections and instruction not to answer precluded a line of questioning into Poppish's role in reviewing Harriman's claim. In the absence of a more concrete reason to reconvene the deposition, the court grants the motion to quash. However, because the court is sensitive to the fact that Associated Industries's instruction was improper and could have hindered Harriman from eliciting material testimony, the court grants the motion without prejudice and permits Harriman to file a motion to notice Poppish's deposition after all the scheduled depositions are completed in the event that Harriman can identify specific, relevant information that she still wishes to uncover.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the motion without prejudice.

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**November 6, 2020**
**Charleston, South Carolina**